Pedro Bernal Bilse, Esq.
California Bar No.: 284444
**BERNAL LAW, APLC**
750 B Street, Suite 1710
San Diego, CA 92101
Phone: 619-736-9092
Fax:    619-793-1020
Email: pb@bernal-law.com

Attorney for GUSTAVO CRUZ ALVARADO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GUSTAVO CRUZ ALVARADO,<br><br>　　　　　Defendant. | Case No.: 20-CR-0599-1<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: September 13, 2021<br>Time:　9:00 a.m.<br>The Hon. Virginia A. Phillips |

TO:　Alexander P. Robbins, ASSISTANT UNITED STATES ATTORNEY; and
　　　Jonathan Bernal, UNITED STATES PROBATION OFFICER.

**I.**

**INTRODUCTION**

Defendant GUSTAVO CRUZ ALVARADO (Mr. Alvarado), by and through his counsel, Pedro Bernal, Esq., hereby respectfully submits the present Sentencing Memorandum in the above-captioned case. This Sentencing Memorandum is based upon the files and records in this matter, the attached memorandum of points and authorities, the exhibits attached to the present memorandum and any arguments presented to the Court at the time of sentencing. Mr. Alvarado respectfully requests this Court sentence him to 37 Months in the Custody of the Bureau of Prisons followed by a period of 3 years of supervised release.

/ / /

/ / /

/ / /

## II.

## STATEMENT OF FACTS

**A.     The Individual Before the Court**

    **1.     Personal Information**

Mr. Alvarado is a 29-year-old U.S. Citizen who was born in Coronado, California. *See* Pre-Sentence Report (PSR) at 2, 8. He is the child of Gustavo Enrique Alvarado Cota and Marta Patricia Cruz Lopez who still reside together in San Diego, California. PSR at 8. Mr. Alvarado has two siblings, one of whom resides with his parents, and the other who is a member of the United States Armed Services, presently stationed in Kuwait. Mr. Alvarado was raised in Tijuana, Mexico, until the age of 12, when the parents moved to San Diego to provide their children a safer environment. *Id*. Both of his parents worked during his childhood and provided for him and rest of the family. Mr. Alvarado's family sometimes struggled financially always had his needs met. Mr. Alvarado has a positive relationship with his parents and states there was never any abuse or neglect in his household. Mr. Alvarado enjoyed sports and video games growing up and is still close to his siblings. *Id*.

Mr. Alvarado is not married and does not have any children. He hopes to one day find a partner and raise a family. His most recent relationship was an eight-year courtship with Michelle Valencia, which ended abruptly, and which will be discussed more fully below. *Id*. at 8.

Mr. Alvarado was raised in a good, Mexican American family and has significant support from both his siblings and his parents. *See* **Attachment B** (Letters of Support). His family members are standing by him and supporting him during his time of need and have provided letters of support for this Court to consider as it hands down a sentence in this matter. The letters his family members have submitted share, in detail, the type of person their son and brother is and demonstrate that Mr. Alvarado is the type of person who (once he serves his sentence) will contribute positively to society and his community.

    **2.     Health Information**

Mr. Alvarado is healthy and has no history of health problems. *Id*. at 9. Mr. Alvarado suffered bouts of depression in 2019 and again in 2020 because of his business failings (due to the

COVID-19 pandemic) and the emotional end of a romantic relationship which led to suicidal thought. He is currently not taking medication and he is currently not suffering from depression. *Id.* Mr. Alvarado is now in a good place mentally and understands that the decisions he made leading up to his arrest and prosecution were poor and misguided, and most importantly, dangerous.

While Mr. Alvarado never had any significant issues with drugs or alcohol in his youth, he did begin experimenting with substances here and there at age 16. However, in June 2020, with the collapse of his business and the end of his intimate relationship, he was using three to four grams daily of cocaine until his arrest. This led to him having issues with alcohol. Mr. Alvarado hopes to have the opportunity to go into in treatment while in custody to help him avoid any future substance abuse. *Id.* at 10. He recognizes that his substance abuse led him to exercise incredibly poor judgment, leading him to where he is now.

### 3. Professional Information

Mr. Alvarado graduated from San Ysidro High School in 2010 and began taking classes at Southwestern College but did not earn any degrees. *Id*. At 10. In 2011, Mr. Alvarado began taking courses at the NewSchool of Architecture and Design in San Diego but did not earn any degrees. Mr. Alvarado has a long history of legitimate and honest work. From June 2020 until his arrest, Mr. Alvarado worked for Doordash. *Id*. In 2015, Mr. Alvarado started his own business, Her Fit Club, specializing in women's activewear. In 2020, Mr. Alvarado had to close the business due to the pandemic. From 2012 to 2019, Mr. Alvarado worked at local swap meets selling merchandise with his mother but stopped working the meets to concentrate on his business. In 2011, Mr. Alvarado worked at Jerome's Furniture making $12.50 an hour and in 2010, he worked for Mor Furniture for Less making $11 per hour. *Id*.

### 4. Progress Made While in Custody

Mr. Alvarado recognizes that he made a mistake and that this Court will likely impose a lengthy and difficult prison term. During his time in custody, Mr. Alvarado has made good use of his time in custody and has completed several courses that will help him smoothly reintegrate himself into the workforce. He has completed courses in Creative Writing, Aptitude for Success, Computer Applications such as MS Word 2016 and Introduction to Windows 10, and College

Keyboarding Theory. The completion of these courses demonstrates that Mr. Alvarado is using his time wisely and is preparing for a life on the outside once his debt to society is paid.

**B.     The Instant Offense**

On November 17, 2020, Mr. Alvarado attempted to sell 19.12 kilograms of methamphetamine to an undercover officer in a parking lot in Los Angeles. Following his arrest, police officers searched an apartment in Los Angeles where he was staying at the time and found an additional 9.03 kilograms of methamphetamine. Mr. Alvarado was acting as a mere delivery person or courier in connection with this transaction. The drugs did not belong to him and his expected payment was small in comparison to the value of the narcotics.

**C.     The Motivation for The Offense**

Mr. Alvarado's motivation in the instant offense was financial in nature. His financial situation had deteriorated significantly as a result of the COVID-19 Pandemic and was in financial dire straits. Mr. Alvarado has expressed remorse for his actions, accepted responsibility and understands the consequences for his actions. *Id.* He has prepared and submitted a letter to this Court that explains the motivation for his actions and how he intends to rectify his life and make amends with the people he harmed, namely his family members. *See* Attachment A (Letter from Mr. Alvarado).

### III.

### UNITED STATES SENTENCING GUIDELINES
### RANGE AND THE 3553(a) FACTORS

Pursuant to 18 U.S.C. § 3553(a)(4)(A), the guideline sentencing range must be considered when adjudicating Mr. Alvarado's sentence. *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (the Guidelines are the "starting point and the initial benchmark"). However, the Court "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. 38, 50 (2007). Ultimately, the Court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the § 3553(a) factors.

In the present case, the parties have agreed in the Plea Agreement that the Base Offense Level for a violation of 21 U.S.C § 841(a)(1) is 38, based on USSG §§ 2D1.1 (a)(5). *See* Plea

Agreement. The parties further agree that the offense level should be adjusted downward two levels under USSG § 2D1.1(b)(18) (Safety Valve). The parties further agree that the offense level should be adjusted downward 2 levels for Acceptance of Responsibility under USSG § 3E1.1.(a) and an additional level for Acceptance of Responsibility under USSG § 3E1.1.(b) by timely notifying authorities of the intention to enter a plea of guilty.

Given the Total Offense Level of 33 with a Criminal History Category of I, Mr. Alvarado is in a sentencing range of 135-168 months.

### A.     This Court Should Grant a Reduction for Role Under USSG § 3B1.2

Mr. Alvarado is requesting this court grant a reduction in his sentence, given his minor role in this case, given all the facts and circumstances surrounding this case that clearly indicate that he was merely a courier and played a minor role in the offense. Under USSG § 3B1.2(b), this Court is authorized to decrease the offense level in any given case if the defendant had a mitigating role. USSG § 3BB1.2. The defendant bears the burden of proving that he is entitled to a downward adjustment based on his role in the offense. *United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2019). Courts have long held that in determining whether to grant a minor role reduction, the correct inquiry is whether the defendant was "substantially less culpable than the average participant" in the charged criminal activity. *Id.* (quoting USSG 3B1.2 cmt. N.3(a)).

Amendment 794 also enumerates a list of factors for courts to consider when deciding whether to grant a minor role adjustment: In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

In this case, all of the five (5) factors are present.  First, Mr. Alvarado was recruited for this type of behavior and is not intimately involved in this type of organization.  He did not understand the full scope of the trafficking activity.  Second, prior to engaging in the criminal activity, Mr. Alvarado did not plan or organize the criminal activity in question but was simply following orders on being told what do.  Third, Mr. Alvarado was not in a position to exercise decision-making authority in this criminal scheme.  Fourth, Mr. Alvarado simply drove and delivered the drugs, he did not negotiate the price or location where the drugs would be delivered.  Finally, Mr. Alvarado was to be paid a small amount compared to the value of the drugs.  His role was nothing more than a courier and he did not have an ownership interest in the drugs.

Stated simply, Mr. Alvarado is in a different position than a person who organizes, recruits and has supervisory authority over a person who in engaged in courier activity.  The deterrent effect of the criminal law in this case would be accomplished with a prison sentence with a role reduction.  Mr. Alvarado, prior to engaging in the criminal conduct in this case, had worked for years, earning a modest but honest living the right way.  Upon his release, he will return to being a good son and a productive member of society.  Given these facts, a two-level reduction for role is appropriate in this case.

### B.     This Court Should Grant a Variance Under USSG 3553(a)(1)-(2)

Mr. Alvarado is young and comes from a family with good values.  This Court has the authority to take into account all of the facts and circumstances of both the offense in question and of the defendant's background in order to craft a sentence that is appropriate for this defendant.  USSG §§ 3553(a)(1)-(2).  In this case, the record reflects that Mr. Alvarado is not at all involved in any criminal organization at any significant level.  He was recruited to be a courier for a fee that pales in comparison to the amount of drugs he was transporting.  Mr. Alvarado's financial circumstances, and the temptation to earn more money the easy way, led him to make the decision he made in this case.  He has great family support and comes from a family with strong values.  While it is important for this Court to send a message that such behavior will not be tolerated (and strongly condemned and punished), varying from the guidelines in this case to fashion a sentence that is sufficient, but not greater than necessary, would serve the sentencing goals in a global sense.

A sentence of 37 months would be appropriate in this case and would send a significant message to Mr. Alvarado (and to the rest of the young people involved in this type of behavior) that this type of conduct is unacceptable and intolerable in society.

## IV.
## CONCLUSION

Based on the foregoing, Mr. Alvarado respectfully requests this Court impose a sentence of 37 months custody and a three-year period of supervised release.

DATED:  August 16, 2021            BERNAL LAW, APLC

                                   */ s / Pedro Bernal Bilse*
                                   _____
                                   Pedro Bernal Bilse, Esq.
                                   Attorney for GUSTAVO CRUZ ALVARADO

# CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing Sentencing Memorandum has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Alexander P. Robbins - ASSISTANT UNITED STATES ATTORNEY

Jonathan Bernal - UNITED STATES PROBATION OFFICE

Respectfully submitted,

DATED:  August 16, 2021           / s / *Pedro Bernal Bilse*

　　　　　　　　　　　　　　　　　　　———————————————
　　　　　　　　　　　　　　　　　　　Pedro Bernal Bilse
　　　　　　　　　　　　　　　　　　　Attorney for GUSTAVO CRUZ ALVARADO